The Honorable Morriss M. Henry Arkansas State Senator State Capitol Little Rock, AR 72201
Dear Senator Henry:
You have requested an opinion from our office on the following question:
 If real property subject to taxation on January 1, 1979, is purchased by a municipality during the 1979 calendar year and is used exclusively for a public purpose, is the municipality liable for payment of taxes on said property according to its value on the first day of January; or does the property become exempt from all, or any part of, 1979 general ad valorem taxes upon such purchase and use?
The Constitution provides that public property used exclusively for a public purpose shall be exempt from taxation. Art. 16, 5. Unfortunately, however, there is no express statute or judicial opinion which addresses the manner in which the assessment and collection of taxes should be handled when a taxable piece of real property is acquired during the year by an individual or organization which is exempt from taxation. Absent an express rule, the general rules for assessment and collection of taxes must be relied upon.
First, the relevant statutes involved in an examination of this question must be set forth. Ark. Stat. Ann. 84-426 (Repl. 1980) provides:
 All property in this State shall be assessed by the duly authorized authorities according to its value on the first day in January.
Ark. Stat. Ann. 84-107 (Repl. 1980) provides in pertinent part:
 Taxes assessed upon real and personal property . . . shall be a lien upon and bind the property assessed from the first Monday of January of the year in which the assessment shall be made and continue until such taxes . . . shall be paid; provided, that as between grantor and grantee, said lien shall not attach until (the third Monday in February, see Ark. Stat. Ann. 84-807) in each year after the tax lien attaches.
A reading of the quoted statutes leads me to the conclusion that the manner in which real property taxes are assessed and collected depends upon the status of the property as of the first day of January. Arkansas law does not contain a provision which would allow taxes to be assessed only for the portion of a year in which a taxable organization holds the property. If the property was taxable as of January 1, 1979, the correct manner in which to proceed is for taxes to be assessed for the entire year, without regard to a change in status during the year. (The responsible official should, of course, take cognizance of the change of status as of January 1, 1980, by entering any exempt property on a separate list, as required by Ark. Stat. Ann. 84-459 (Repl. 1980).)
This interpretation of the statute is supported by Ark. Stat. Ann. 84-436 (Repl. 1980), which provides that tax exempt property which is sold during the year shall not be subject to assessment and taxation until January 1, for the year immediately following the sale.
Under 84-107, as between buyer and seller, the taxes thus assessed for 1979 would not attach until the third Monday in February, 1980. If the seller delivered a warranty deed to the buyer PRIOR to this date, the buyer would be liable for the taxes for 1979. If a warranty deed were delivered to buyer AFTER this date, the seller would be liable for the 1979 taxes. Certainly, however, liability for taxes is a proper matter of contract between the buyer and seller. An agreement in this regard, if any, would control over the terms of the statute.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General David L. Williams.